MARY CURRY, Plaintiff, v. THE CITY OF BUFFALO, Defendant.

*Notice to a municipal corporation of a claim for an injury — chapter 572 of 1886 is applicable to all municipal corporations of a population of 50,000, notwithstanding special provisions in their charters on the same subject — notice of an intention to sue is necessary.*

In an action brought to recover for an injury to the plaintiff, sustained in falling upon the sidewalk in the city of Buffalo, and claimed to have resulted from the negligence of the city, it appeared, upon the trial thereof, that the plaintiff, on the 9th day of May, 1888, had presented to the common council of the city of Buffalo a petition directed to that body, which described the injury received, alleged negligence on the part of the city, claimed damages to the amount of $5,000, and closed as follows: "Wherefore your petitioner prays that an order be drawn upon the proper fund for the sum of $5,000, in favor of your petitioner, to compensate her for her injuries and damages sustained in the premises." This petition was signed by the plaintiff and verified, and was presented as a compliance with the provisions of the charter of the city of Buffalo, providing that no unliquidated claim for damages for wrong or injury should be received for audit, unless the claim was presented, stating how and where the wrong or injury had happened, and that no payments had been made, and further providing that no action to enforce such claim should be brought until the expiration of forty days after it should have been presented to the common council for audit.

On the 4th day of June, 1886, chapter 572 of the laws of that year took effect, which provided as follows: "No action against the mayor, aldermen and commonalty of any city in this State, having fifty thousand inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor, aldermen and commonalty, or of any department, board, officer, agent or employee of such corporation, shall be maintained, unless the same shall be commenced within one year after the cause of action therefor shall have accrued; nor unless notice of the intention to commence such action, and of the time and place at which the injuries were received, shall have been filed with the counsel to the corporation, or other proper law officer thereof, within six months after such cause of action shall have accrued."

*Held,* that the provisions of chapter 572 of the Laws of 1886 were intended to apply to all municipal corporations in the State having a population of fifty thousand or over, although the words "the mayor, aldermen and commonalty" did not constitute a part of the corporate title or designation of the city.

That the notice served in this case was not a compliance with the provisions of this act, as it expressed no determination on the part of the claimant of an intention to commence an action against the city. (MACOMBER, J., dissenting.)

EXCEPTIONS ordered to be heard in the first instance at the General Term after a trial before the court and a jury at the Erie County Circuit February 24, 1890, at which the court directed that the plaintiff be nonsuited, with a further direction that all proceedings be stayed until the hearing and determination of plaintiff's motion for a new trial, based upon her exceptions taken upon the trial.

*Adelbert Moot,* for the plaintiff.

*Frank C. Laughlin,* for the defendant.

CORLETT, J. :

About the 18th day of December, 1887, the plaintiff received an injury by falling upon the defendant's sidewalk. The plaintiff claims that the city was negligent, and that she was free from negligence. The city put in issue the material allegations in the complaint.

The action was tried before a justice of this court and a jury on the 24th day of February, 1890. At the close of the evidence which tended to prove the plaintiff's position, the defendant moved for a nonsuit upon the ground that the plaintiff had failed to comply with chapter 572 of the Laws of 1886. The plaintiff objected to the nonsuit which was granted by the court; the plaintiff excepted, and the court ordered the exceptions to be heard here.

Section 7 of title 3 of the charter of the city of Buffalo provides, among other things, that no unliquidated claim for damages for wrong or injury should be received for audit unless the claim is presented stating how and where it happened, and that no payments had been made. It further provides that no action to enforce any such claim shall be brought until the expiration of forty days after it shall have been presented to the common council for audit in the manner provided in that act.

On the 9th day of May, 1888, the plaintiff presented to the common council a petition directed to that body, which describes the injury received, alleges negligence on the part of the city, claimed damages to the amount of $5,000, and closes as follows : " Wherefore your petitioner prays that an order be drawn upon the proper fund for the sum of five thousand dollars in favor of your petitioner to compensate her for her injuries and damages sustained in the premises." This petition was signed by the plaintiff and verified.

On the 4th day of June, 1886 chapter 572 of the Session Laws of that year went into effect. It provides as follows :

Section 1. "No action against the mayor, aldermen and commonalty of any city in this state having fifty thousand inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor, aldermen and commonalty, or of any department, board, officer, agent, or employee of said corporation shall be maintained unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor *unless notice of the intention to commence such action* and of the time and place at which the injuries were received shall have been filed with the counsel to the corporation or other proper law officer thereof within six months after such cause of action shall have accrued."

Section 2. " Nothing in this statute contained shall be construed or held to give or confer any right of action against said corporation for any cause for which such right of action would not have existed, had this act not been passed, nor to affect any right of action which may exist against such corporation."

Section 3. " This act shall take effect immediately."

The plaintiff's contention is that this act has no application to the city of Buffalo, mainly because the defendant was always known and designated by that name ; and that the act was only intended to apply to a city designated by the terms, the mayor, aldermen and commonalty. The title of chapter 572 is "An act in relation to certain actions against municipal corporations." It is a familiar rule that the title of an act is often resorted to to ascertain its scope and meaning. (*Brick* v. *Gannar*, 36 Hun, 52 ; *People ex rel. Mason* v. *McClave*, 99 N. Y., 83–89.)

There is nothing inconsistent between this act and the provisions of the defendant's charter. The object of the charter was to enable the city, through its common council, to have forty days to examine and determine whether a claim should be audited before an action could be brought. (*Reining* v. *City of Buffalo, Impleaded, etc.*, 102 N. Y., 308.)

But the act of 1886 required the notice specified in it to be delivered to the corporation counsel, or the law officer of the city. The provisions of the charter in no way conflict with the act of 1886. It

appears by the case that the application to the common council was denied on the recommendation of the corporation counsel. It requires no argument to prove that chapter 572, above quoted, was intended to apply to all municipal corporations in the State having a population of fifty thousand or over. (*Dawson* v. *City of Troy*, 49 Hun, 322 ; *Enair* v. *Brooklyn*, 25 N. Y. St. Rep. 1014 ; *Denair* v. *Brooklyn*, 5 N. Y. Supp., 839.)

In the Dawson case the prevailing and dissenting opinions agree that the act of 1886 applies, although the charter of the city of Troy requires a verified claim the same as that of the city of Buffalo.

The learned counsel for the appellant contends that the act of 1886 was made general to avoid a constitutional objection ; in other words that it was a successful device to defeat a constitutional provision by indirection. He also claims that many of the cities were originally designated by the terms : " The Mayor, Aldermen and Commonalty." That fact has no significance. Whatever terms were used reference was had to the corporation. All redundant words have been eliminated in defining municipal corporations, except in the case of the city of New York.

The only question to be determined here is whether the service of the notice on the common council of the city of Buffalo was a substantial compliance with the provisions of the act of 1886. It is not believed there is any difficulty or confusion attending the solution of this question. The petition served on the common council manifestly had reference to the charter. Not only does the petition on its face so show, but the argument of the learned counsel for the appellant is to the effect that the charter alone affects Buffalo, and that the act of 1886 has no application. He does not argue that that act has been complied with or attempted to be, but assumes that if the act includes Buffalo, a nonsuit was properly directed. The purport and scope of the petition embodied a request to the common council to audit and pay his claim.

The provision of the charter was to prevent the bringing of an action until the common council had forty days time to examine it. The act of 1886 makes it a condition precedent that notice that an action will be brought must be served on the corporation counsel within six months, and the action must be brought within a year after the accident. After notice to the common council that body

may neglect or delay action. The notice of a determination to bring suit may induce promptness, if otherwise, the city is in no condition to complain, for its common council has been served with the notice required by the charter, and the city attorney with that required by the act of 1886. Both of these requisites must be complied with to enable the injured party to maintain the action. But when both are complied with the case can be tried on the merits. There is no room for the claim that the act of 1886 has been substantially complied with; as already shown, the learned counsel for the appellant does not so argue.

The trial justice made a proper disposition of the case and a new trial should be denied.

DWIGHT, P. J., concurred.

MACOMBER, J. (dissenting):

This action was brought to recover damages for personal injuries sustained by the plaintiff, by reason of falling upon a sidewalk in the city of Buffalo, in consequence of the negligence of the defendant, its agents and servants, in allowing the sidewalk to become defective and to remain in a dangerous and unsafe condition. The evidence in behalf of the plaintiff tended to establish the allegations of her complaint. At the close of the plaintiff's case, the defendant moved for a nonsuit upon the ground that the plaintiff had failed to show that she had complied with chapter 572 of the Laws of 1886, and that, consequently, she could not maintain this action.

One of the questions before us is, whether this act, entitled "An act in relation to certain actions against municipal corporations," is applicable to the city of Buffalo. The first section of that statute is as follows:

"No action against the mayor, aldermen and commonalty of any city in this State having fifty thousand inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor, aldermen and commonalty, or of any department, board, officer, agent or employee of said corporation, shall be maintained unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action and of the time and place at which the injuries were received shall have

been filed with the counsel to the corporation, or other proper law officer thereof within six months after such cause of action shall have accrued."

The injuries to the plaintiff were inflicted on the 18th day of December, 1887. This action was begun in July, 1888. On the 29th day of May, 1888, she caused to be delivered to the city clerk and comptroller, to be acted upon by the common council, a petition to the effect that she had so sustained personal injuries while lawfully passing over the sidewalk without negligence on her part. After describing her injuries, and stating the fact that the sidewalk had been out of repair for more than a month before the accident, the plaintiff asked "that an order be drawn upon the proper fund for the sum of five thousand dollars, in favor of your petitioner, to compensate her for her injuries and damages sustained in the premises."

No other notice than the above was given to the authorities of the city of Buffalo. This paper, when put in evidence, bore the following indorsement: "Denied on recommendation of corporation counsel. Signed, William Adams, Chairman." The case shows that the petition was examined by the corporation counsel, who advised the committee on claims to decline to pay the demand, but it does not appear when the petition was so examined by him and his advice so given.

Assuming, for the moment, that chapter 572 of the Laws of 1886 is applicable to the city of Buffalo, and that the provisions therein contained are conditions precedent to the maintenance of this action, it is proper first to inquire whether or not there has not been a substantial compliance therewith by the plaintiff. That statute requires that the action be brought within a year after the injuries have been sustained. This action was brought within the time specified. A further provision thereof is, that notice of the time and place at which the injuries were received shall be filed with the counsel to the corporation, or other proper law officer thereof, within six months after such cause of action shall have accrued. The application for the payment of the demand of the plaintiff, containing a statement of the time and place at which the injuries were received, came to the knowledge of the corporation counsel through the clerk and comptroller, and it was officially acted upon by him and the claim rejected.

There is, therefore, no ground for contending that the plaintiff has not brought herself within the statute, except in regard to the following provisions: "Nor unless notice of the intention to commence such action    *    *    *    shall have been filed with the counsel to the corporation," etc.

The petition of the plaintiff to the common council did not, in form, give notice of her intention to begin the action in case her demand was not paid; yet,. on the whole, I am inclined to think that an expression of such intention may be necessarily implied in the language of the petition. This statute, being restrictive of the rights of a citizen, should not be extended beyond the purview of the legislature, and a literal reading thereof ought to give way when its substance and the general intent of the legislature, as expressed in the act, have been observed. It is, at most, a statute regulation of the mode of procedure only, and, like all rules of practice, it should be construed in furtherance of justice. The mandatory part thereof has been complied with. The part relating to an intention to begin an action is directory only, and it ought not to be permitted to be interposed to defeat a just demand, particularly as the law officers of the defendant treated the notice served as a literal compliance with the statute.

But was this act intended to apply to all cities of the State of New York having 50,000 inhabitants where such city already had special provisions in its charter regulating and restricting the right of actions in such cases as this? Section 7, title 3, chapter 519 of the Laws of 1870, as amended by chapter 439 of the Laws of 1886, being a part of the charter of the city of Buffalo, declares that "no action or proceeding to recover or enforce any such claim against the city shall be brought until the expiration of forty days after the claim shall have been presented to the common council." Whatever may have been in the mind of the draftsman of chapter 572 of the Laws of 1886, that act, both in its title and in its provisions, is clearly applicable to all cities of the State having 50,000 inhabitants or upwards, though New York is the only city in the State the legal name of which is the mayor, aldermen and commonalty. We do not assume that this statute was made in form a general law instead of a local act applicable to the city of New York only, in order to avoid the obstacle in section 18, article 3 of

the Constitution. If it had been the purpose of the legislature to make the act applicable only to the city of New York, a direct and legal course would have been to amend the consolidation act relating to that city, for there is nothing in the Constitution prohibiting the amendment to the city charter without making the same applicable to all the cities of the State. In the case of *Dawson* v. *City of Troy* (49 Hun, 322) it was held that this law applies to the city of Troy. The report of the case, however, does not show that the city of Troy had any local provision upon this subject, though the same, in fact, existed. In the case of *Denair* v. *The City of Brooklyn* (5 N. Y. Supp., 835] ; *Enair* v. *Same* (25 State Rep., 1014), it was held that the act was applicable to the city of Brooklyn. At the time of the decision above-mentioned (*Denair* v. *City of Brooklyn*), the charter of that city contained no provision requiring the presentation of a claim before the bringing of an action, as is contained in the defendant's charter, though the city of Troy had such a provision as well as the city of New York. It is to be observed that there is no repealing provision in the act in question. It does not purport to amend or repeal any local act, and it cannot be held to repeal such local acts inferentially or constructively, unless such intent is manifest by the act itself. (*Weiler* v. *Nembach*, 114 N. Y., 39 ; *Matter of the Evergreens*, 47 id., 216.) A strong circumstance fortifying this position is the passage by the legislature in the year 1889 of an act amending the charter of the city of Buffalo in this particular by incorporating the provisions of the charter and of certain ordinances into a homogeneous statute, wherein it is assumed by the legislature, necessarily, that the act of 1886 had no application. (Chap. 318 of the Laws of 1889 ; see Potter's Dwarris on Statutes, 143–147.)

The motion for a new trial should be granted, with costs to abide the event.

Motion for a new trial denied, with costs and judgment ordered for the defendant.