GEORGE WERNER, Respondent, v. THE CITY OF ROCHESTER, Appellant.

*Same expression used in various parts of a statute, how construed — charter of the city of Rochester — statement of a claim for injuries — notice of intention to commence an action.*

Ordinarily, when the same expression is used in various provisions of a statute, the same meaning should be given to it in each, but this is not so where it would result in destroying the harmony between it and other provisions.

The provision of the charter of the city of Rochester, which directs that claims presented against the city for injuries should state when, where and how the same were occasioned, should receive a reasonable construction, and the time, place and circumstances should be given with reasonable accuracy, so as to enable the officers charged with the duty of investigating the circumstances to determine whether the claim is meritorious, and it is not required thereby that the person injured shall give the exact time when such injuries occurred, nor that he should be put to the expense of employing a surveyor to accurately locate the place where the accident happened.

Where a person presented a claim against the city of Rochester which stated that the injury was received on a certain evening; that the night was very dark, and that there were no guards or lights of any kind around the obstruction which overturned his buggy and occasioned his injuries; that he was rendered unconscious by the fall and remained in the street in that condition for over an hour; that the dirt was in the middle of the street at a point about one-third of a mile east of the Charlotte branch of the New York Central and Hudson River railroad, as near as the claimant could estimate the distance, his statement is sufficiently definite as to the time and place, and there is no requirement of such statute making it necessary for the claimant to allege therein negligence on the part of the city.

Under the provisions of such charter, if the common council fails to audit and allow a claim for injuries within forty days thereafter, the claimant has the right to commence an action thereon, but before commencing such action, and within six months from that time and within a year from the time of the accident, notice of the intention to commence such action must be filed with the counsel of the corporation or other proper law officer thereof.

APPEAL by the defendant, The City of Rochester, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 22d day of April, 1893, upon the verdict of a jury for $220, and also from an order entered in said clerk's office on the 22d day of April, 1893, denying the defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*C. D. Kiehel,* for the appellant.

*Heman W. Morris,* for the respondent.

HAIGHT, J.:

This action was brought to recover damages for personal injury and for injury to property. Section 80 of the charter of the city of Rochester (Chap. 14 of the Laws of 1880), as amended by section 18 of the Laws of 1890 (Chap. 561), among other things, provides that: "The common council shall examine, settle and audit all accounts, demands and claims against the city. * * * No unliquidated claim or demand shall be received for audit unless made out in detail specifying * * * if for damages for wrong or injury or negligence, when, where and how occasioned. * * * No action or proceeding to recover or enforce any claim, debt or demand against the city shall be brought until the expiration of forty days after the claim, debt or demand shall have been presented to the common council for audit in the manner and form aforesaid. * * * All actions brought against the city to recover damages or other relief for injuries to the person or property caused by negligence shall be commenced within one year from the time of receiving the injuries, or when the cause of action mentioned in the complaint shall have accrued. No action or proceedings shall be maintained against the city for personal injuries unless the notice of the intention to commence such action and of the time and place at which the injuries were received shall have been filed with the counsel to the corporation or other proper law officer thereof within six months after such cause of action. shall have accrued." The plaintiff claims to have presented a claim to the common council for audit on or about the 16th day of March, 1892, and another on or about the 1st day of August, 1892. The first notice of claim does not appear to have stated accurately the time and place at which the injury was received, and there may be some question as to whether it was ever presented to the common council for audit. We shall, therefore, confine our attention to the latter claim, the substance of which is as follows : " On the evening of December 21, 1891, while driving along the Big Ridge road, my buggy was overturned by coming in contact with a large pile of dirt in the middle of the street, at a point about one-third of a mile

east of the Charlotte branch of the New York Central and Hudson River railroad, as near as I can estimate the distance, and I was thrown to the ground. The buggy and harness were broken and damaged to the extent of $20.00. I was severely bruised and lamed, and was also rendered unconscious by the fall, and remained in the street in that condition over an hour, and contracted a severe sickness from the exposure, and was confined to the house for several weeks, and put to considerable expense for medical attendance. I claim $200.00 for my personal injuries, which, with the damage to the buggy and harness amounts to $220.00. The dirt had evidently been thrown up and left there by some one engaged in the construction of a sewer in the street. The night was very dark, and there were no guards or lights of any kind around the obstruction to warn people of the danger. I am advised by counsel that my claim is a meritorious one, and I respectfully ask that Your Honorable Body will allow it and authorize its payment."

As we have seen, the statute requires that the claim presented for audit in case of injury shall state " when, where and how occasioned." This statute should receive a reasonable construction. The time, place and circumstances should be given with reasonable accuracy, so as to enable the officers charged with the duty of investigating the circumstances to determine whether the claim is meritorious. We do not think this statute contemplates that a person injured should be required to give the exact time when it occurred, for this, in many cases, would be quite impossible. Neither do we think that the statute contemplates that he should be put to the expense of employing a surveyor to accurately locate the place where the accident occurred. The claim presented by the plaintiff states that the injury was received on the evening of December 21, 1891; that the night was very dark; that there were no guards or lights of any kind around the obstruction; that he was rendered unconscious by the fall and remained in the street in that condition over an hour. The claim further states that the dirt was in the middle of the street, at a point about one-third of a mile east of the Charlotte branch of the New York Central and Hudson River railroad, as near as the claimant can estimate the distance. We think these statements are sufficiently definite as to the time and place.

It is further contended that the claim presented by the plaintiff

for audit is defective for the reason that it does not allege any negligence on the part of the defendant, or of any person for whose acts the defendant would be liable; but we find no such requirement in the statute. As we have seen, it requires the claimant to specify the time, place and how occasioned. The claim presented for audit is not intended or required to be the complaint in the action, or to contain the allegations which would be required to be incorporated in such complaint.

It is charged that this claim was not properly presented to the common council for audit, but the plaintiff's attorney testified that it was presented to the common council on the first day of August. He then offered it in evidence. Its reception was objected to as immaterial. It was received by the court and marked an exhibit in the case. No objection appears to have been made upon the ground that it had not been properly or sufficiently proved that the claim had been presented to the common council for audit. We must, therefore, assume that further evidence upon that subject was waived.

It appears that the plaintiff served two notices of intention to commence an action for the injury sustained. One was served on the 1st day of August, 1892, and the other on the 24th of September, 1892. The first was seven months and eleven days after the injury was received, and the second nine months and three days thereafter. As we have seen, the statute requires that this notice of intention be served " within six months after such cause of action accrued." The question is thus presented as to when the cause of action accrued. Did it accrue at the time the plaintiff received the injury, or did it accrue after the expiration of forty days after the presentation to the common council of the plaintiff's claim for audit? In determining this question we should, so far as possible, harmonize the various provisions of the act. No time is specified within which the claim must be presented to the common council. No action, however, can be brought upon the claim until after the expiration of forty days after such presentation, and all actions brought for such damages must be commenced " within one year from the time of receiving the injuries, or when the cause of action mentioned in the complaint shall have accrued," and no action shall be maintained unless notice of intention shall have been filed within six months

after such cause of action shall have accrued. We thus have two statutes of limitation, which may be properly designated as the one-year limitation and the six months' limitation. In the former the action must be commenced within one year "from the time of receiving the injuries, or when the cause of action mentioned in the complaint shall have accrued." We thus have the two expressions connected with the disjunctive *or.* If the former expression is to be disregarded and the latter followed the effect would be to nullify the provision and leave no limitation whatever; for, as we have seen, no limit of time is placed upon the presentation of the claim to the common council, and no action can be maintained until forty days thereafter, so that a claim could be presented to the common council one, five or ten years after the injury was received. We cannot, therefore, adopt this view. The two expressions, as used in this provision, must be understood, and were intended to mean one and the same thing, and that is that actions for injuries of the character described should be commenced within one year from the time of receiving the injuries, and the expression "or when the cause of action mentioned in the complaint shall have accrued," has reference to the time of such injury. It may be that the forty days given to the common council within which to audit and allow the claim, and during which time the statute prohibits the bringing of an action, should not be counted as a part of the year given within which the action must be brought. (*Brehm* v. *The Mayor, etc.,* 104 N. Y. 186.)

But this question is not involved, and is, therefore, not necessary for us to here determine, for this action was brought within the year. We are thus brought to the concluding provision of the statute referred to, that of the notice of intention. In this provision we have the same expression, "after such cause of action shall have accrued." Ordinarily, when we find the same expression used in various provisions of a statute, the same meaning should be given to each, and yet we hesitate to follow that rule in construing this provision; for that phrase, when used independent of another, referring to the same time, has a well-defined meaning, and to follow the construction given to the phrase in the former provision, would, in this, destroy the harmony between this and other provisions. *First,* the statute requires the common council to examine, settle and audit.

*Second,* it requires a claim to be presented to them for audit. *Third,* they are given forty days within which to determine the merits of the claim. All this has to be done before any action can be commenced, and, ordinarily, a cause of action has not accrued until it can be instituted. Again, the common council is composed of elective officers, whom the law presumes will discharge their duty. No reason is apparent why the notice of intention should be served during the time given to the common council to discharge its duty. It would rather seem impertinent to serve a notice containing a threat to commence an action whilst the common council was engaged upon a determination of the merits of the claim in the discharge of its duty. But we think this provision is subordinate to the former provision, and in no case can it operate to extend the limitation given by that provision. It evidently contemplates that the claimant will with reasonable promptness present his claim to the common council; that if the common council fails to audit and allow the same within forty days thereafter, the claimant shall have the right to commence an action therefor; but before commencing such an action, and within six months from that time, and within the year given by the former and the general provision of limitation, notice of intention to commence such action must be filed with the counsel of the corporation or other proper law officer. (*Steen* v. *Niagara Fire Ins. Co.,* 98 N. Y. 315; *Mayor* v. *The Hamilton Fire Ins. Co.,* 39 id. 45; *Hay* v. *Star Fire Ins. Co.,* 77 id. 235; *Fisher* v. *The Mayor, etc.,* 67 id. 73.)

The judgment and order appealed from should be affirmed.

LEWIS, J., concurred; DWIGHT, P. J., and BRADLEY, J., concurred in the result.

Judgment and order appealed from affirmed.