### BERNREITHER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. APPEAL—SCOPE OF REVIEW—APPEAL FROM JUDGMENT.
    On appeal from the judgment alone, and not from the order denying a new trial, the appellate court is confined to a consideration of alleged errors of law.

2. MUNICIPAL CORPORATION—ACTIONS FOR INJURIES—NOTICE OF CLAIM.
    New York City Charter, Laws 1901, p. 114, c. 466, § 261, provides that no action shall be maintained against the city unless 30 days have elapsed

since presentment of the claim to the comptroller. Laws 1886, p. 801, c. 572, provides that no action shall be maintained against a city * * * for personal injuries unless notice of intention to commence the action shall have been filed with the corporation counsel within 6 months after the "cause of action" shall have "accrued." *Held* that, where no notice of intention to sue for personal injuries was presented to the corporation counsel of New York City within 6 months from the time the injuries were received, no action could be maintained, though such notice was presented within 6 months after presentment of a claim to the comptroller pursuant to the charter.

Appeal from Trial Term.

Action by Martin Bernreither against the city of New York. Judgment in favor of plaintiff, and defendant appeals. Reversed, and new trial ordered.

See 106 N. Y. Supp. 286.

Argued before PATTERSON, P. J. and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Theodore Connoly and Royal E. T. Riggs (Francis K. Pendleton, Corp. Counsel, on the brief), for appellant.

Andrew C. Morgan, for respondent

CLARKE, J. The plaintiff fell upon an icy sidewalk and was injured. Alleging that the condition of the sidewalk was due to the negligence of the city in maintaining a leaking hydrant, he has recovered a judgment for his damages. The city appeals from the judgment, but not from the order denying its motion for a new trial. We are therefore confined to a consideration of the alleged errors of law.

The accident occurred on March 5, 1904. On September 2, 1904, there was served upon the comptroller a verified claim, describing the time, place, cause, and consequences of the accident, and concluding:

"Wherefore your claimant prays that the said city of New York audit, adjust, and allow said claim for the sum of $2,000 damages hereby presented."

This notice of claim conforms to the provisions of and was served in compliance with section 261 of the Revised Charter (chapter 466, p. 114, Laws 1901), which provides that:

"No action or special proceeding for any cause whatever shall be prosecuted or maintained against the city of New York unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment."

This provision is not confined to any class of claims, but embraces all. There is no limitation put upon the time of filing. It is not in any sense a statute of limitations. It does not create a cause of action. The presentment of the demand presupposes a legal claim. Its object is to give the city authorities time to investigate and, if the claim is good, pay without suit. It is part of the procedure which the Legislature has provided shall be taken in enforcing claims against the city. It is a condition precedent to the right to sue. It

is therefore necessary to allege and prove the demand, and the neglect or refusal to adjust or pay, and the expiration of the 30 days. Similar provisions have been inserted in former charters of the city of New York (section 2, c. 379, p. 645, Laws 1860 [Comp. 1370] ; section 105, c. 335, p. 511, Laws 1873 [Comp. 97] ; Consolidation Act [chapter 410, p. 305, Laws 1882] § 1104), and in those of many other municipalities of the state. Chapter 572, p. 801, Laws 1886, provides that:

"No action against the mayor, aldermen and commonalty of any city in this state, having fifty thousand inhabitants or over, for damages for personal injuries, alleged to have been sustained by reason of the negligence of such mayor, aldermen and commonalty, or of any department, board, officer, agent or employé of said corporation, shall be maintained unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action, and of the time and place at which the injuries were received, shall have been filed with the counsel to the corporation, or other proper law officer thereof, within six months after such cause of action shall have accrued."

This statute is a statute of limitations, in that it limits the time within which an action for negligence can be maintained against a city to one year after the cause of action therefor shall have accrued. It also requires as a condition precedent that notice of intention to sue shall have been filed with the law officer of the city within 6 months after such cause of action shall have accrued. Therefore an additional condition precedent was created. Under the charter provision a claim had to be filed with the fiscal officer, the comptroller, and 30 days allowed to elapse for adjustment or payment before suit. Under this act a notice of intention to sue was required to be filed with the law officer, and within 6 months after the cause of action shall have accrued. Compliance with each provision had to be alleged and proved. They were independent provisions, designed to conserve different objects.

In Curry v. City of Buffalo, 57 Hun, 25, 10 N. Y. Supp. 392, the General Term, in considering a similar provision in the charter of Buffalo and the act of 1886, said:

"The object of the charter was to enable the city, through its common council, to have 40 days to determine whether a claim should be audited before an action should be brought; but the act of 1886 required the notice specified in it to be delivered to the corporation counsel or the law officer of the city. The provisions of the charter in no way conflict with the act of 1886. * * * The provision of the charter was to prevent the bringing of an action until the common council had 40 days to examine it. The act of 1886 makes it a condition precedent that notice that an action will be brought must be served on the corporation counsel within 6 months, and the action must be brought within a year, after the accident. * * * Both of these requisites must be complied with to enable the injured party to maintain the action."

When this case reached the Court of Appeals (135 N. Y. 366, 32 N. E. 80), that court expressly approved of the opinion below. Chief Judge Earl said:

"The provisions of that section [of the Buffalo charter] are not inconsistent with the provisions of section 1, c. 572, of the Laws of 1886, and both sections can stand together and have full operation. * * * The section is imperative. The action cannot be maintained unless notice of the intention to commence it, and of the time and place of the injury 'shall have been filed with the counsel to the corporation,' and a failure to file the notice furnishes a

defense to the action. The filing of the notice is a condition precedent to the maintenance of the action. * * * The whole matter of the maintenance of this class of actions was within the control of the Legislature. It could refuse a right of action against municipalities for such injuries, and it could impose any conditions precedent to the maintenance of such actions. It could require notice of the intention to commence them to be served both upon the common council and upon the corporation counsel, and an act requiring the one notice would not be inconsistent with an act requiring the other. Here the Legislature required the presentation of the claim to the common council for its action thereon, and the notice to the corporation counsel for his information and to govern and influence his official conduct. These actions against cities are numerous, and the Legislature seems to have been solicitous to protect them so far as possible against unjust or excessive claims, and also against the improvident or collusive allowance of such claims by municipal officers."

In MacMullen v. City of Middletown, 187 N. Y. 37, 79 N. E. 863, Judge Gray quoted from the Curry Case and said:

"This statement of the rule was deliberate, and in my opinion it is correct, when the nature and functions of municipal corporations are considered."

It follows, therefore, in the case at bar, that, in addition to presenting his claim to the comptroller, the plaintiff was required to file a notice of intention to sue with the corporation counsel within 6 months after his cause of action had accrued. The accident occurred on March 5th. He presented his claim to the comptroller on September 2d. That was within 6 months of the accident. But that claim contained no notice of intention to sue. The comptroller forwarded the claim to the corporation counsel, and it was received by that officer on September 7th, 2 days after the expiration of the 6 months. The respondent does not contend that to have been a compliance with the statute. On December 28, 1904, 9 months and 23 days after the happening of the accident, he filed a proper notice of intention to sue with the corporation counsel. His claim is that his cause of action did not accrue until 30 days after filing his claim with the comptroller; that, as he filed his claim with that officer on September 2d, his cause of action did not accrue until October 2d; that he had 6 months from that date to file his notice of intention to sue; and that, as December 28th was only 2 months and 26 days thereafter, although 9 months and 23 days after the accident, he was in time—that is, he could delay filing his claim for 10 months and 29 days, serve his notice of intention to sue, and bring his action on the day before the year of limitation expired, and yet be within the statute, as having served his notice of intention to sue within "six months after his cause of action shall have accrued." In a snow and ice case such a construction would cause the notice to be of inappreciable assistance to the city in preparing its defense to the action. We cannot agree with this claim. The cause of action accrued when plaintiff slipped and fell on the icy pavement. His cause of action was the negligence of the city in permitting the pavement to be and remain in that condition. The injuries were then received. The basis of his right to damages then came into existence. His cause of action then accrued.

In Taylor v. Mayor, etc., of New York, 82 N. Y. 10, in considering the effect of this provision as to presentation of claims to the comptroller, it was held that the failure to present a claim to the comp-

troller before suit affects the remedy only. The presentation does-
not in any way determine the existence of or create the debt.  Folger,.
C. J., said:

"There is a cause of action, and there is a remedy by action. They are dif-
ferent things. * * * A rule of law or a statute may affect the remedy
without affecting the cause of action. * * * The rule that one under dis-
ability may not bring an action affects his remedy, but does not touch the cause·
of action. * * * So it must be when it is a statute that suspends the·
remedy by action, but does not touch the cause of action."

In Dickinson v. Mayor, 92 N. Y. 584, it was urged that the right of.
action did not accrue until the demand upon the comptroller was.
made, and that therefore the statute of limitations did not commence·
to run until such demand. 'This was a similar action to the case at
bar, to recover for injuries sustained by a fall on an icy pavement..
The court, in deciding. against the contention, said:

"The intent and purpose of section 105 of the charter was mainly to enable·
the comptroller to settle claims against the city and thereby save unnecessary
costs and expenses in the litigation which must ensue. We think that it was not
intended to indefinitely extend the time in all cases within which an action·
might be brought against the city, and thus put in the power of the claimant
to delay without any limitation whatever, and thereby in some instances to·
deprive the corporation of the benefit of testimony which otherwise might
have been adduced in defense against an action brought. The statute was for-
the benefit of the city, and not for the benefit of the claimant. * * * In
the case at bar the cause of action arose upon the principles of the common
law, and was perfect and complete when the injury occurred to the plaintiff·
by reason of the negligence of the defendant."

"The filing of the notice was required by the statute in the interest and for-
the benefit of the defendant, and, while made a condition of the right to main-
tain the action, the intent was to furnish to the corporation a defense by.
way of bar to the action when not complied with. The provision affected,.
not the cause of action, but the remedy, by regulating the procedure." Mis-
sano v. Mayor, 160 N. Y., at page 133, 54 N. E., at page 746.

"The claim that the service of a proper notice under the statute constituted
a part of the plaintiff's cause of action is not quite correct. The absence or
presence of such a notice relates to and affects the procedure, rather than the·
cause of action. It relates to the remedy, and not to the right." Sheehy v..
City of New York, 160 N. Y., at page 143, 54 N. E., at page 750.

The respondent relies upon Werner v. City of Rochester, 77 Hun,.
33, 28 N. Y. Supp. 226. In that case the learned justice who wrote·
the opinion held that the cause of action accrued 40 days after the
presentation of the claim to the common council. To do this he was·
forced to give a different meaning to the same words used in the same
statute. He held that the year within which the action must be·
brought must be computed from the happening of the accident, but
that the 6 months within which the notice of intention to sue must be·
served must be computed from the expiration of 40 days after filing-
the claim with the common council, although the statute in each in-
stance was set running "after such cause of action accrued." One·
of his associates concurred in the opinion, and the other two in the
result only. When the case reached the Court of Appeals in 149 N.
Y. 563, 44 N. E. 300, that court declined to pass upon that question,
because not raised by any proper exception in the record. We are·
not bound by that decision, and, with the greatest respect to the ability-

and learning of the writer of that opinion, we think it not in harmony with the trend of the cases upon this subject.

Respondent cites Crapo v. City of Syracuse, 183 N. Y. 395, 76 N. E. 465. In that case a bare majority of the court, over a most vigorous dissent, held that in a death case the notice to sue need not be served until six months after the appointment of an administrator. The decision was specifically put upon the ground, as an action to recover damages for death caused by negligence was purely statutory and was given expressly to the executor or administrator of a decedent, such cause of action did not accrue until there was an executor or administrator in existence capable of bringing and maintaining the action. It has no application here. So in McKnight v. City, 186 N. Y. 35, 78 N. E. 576, where an action was brought to recover damages for an injury to an infant under the age of 14 years, it was held that the running of the period of limitation of 1 year provided in chapter 572, p. 801, of the Laws of 1886 was suspended by reason of the exception contained in section 396 of the Code of Civil Procedure. That case does not here apply. In the Missano Case, 160 N. Y. 123, 54 N. E. 744, and the Sheehy Case, 160 N. Y. 139, 54 N. E. 749, there was an attempted compliance with the statute, and notice was actually received by the corporation counsel within the 6 months. In the case at bar the notice to the comptroller contained no statement of intention to sue and was not filed with the corporation counsel until after the expiration of 6 months.

We are therefore of the opinion, as this plaintiff was not an administrator, nor an infant, nor suffering from any other disability, his cause of action accrued when he received the injury complained of, and he was therefore within the express conditions and limitations of the statute governing his right to maintain the action, and, as his notice of intention to sue was not filed within the time limited, that the complaint should have been dismissed.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.