Clarke, J.:
¡The plain tiff fellüpon an icy. side walk añd .wasrinj.ured. 7 Alleging that the- condition of the sidewalk was due to the negligence of the " city in maintaining, a. leaking hydrant, he has recovered a,, judgment for his damages. The city appeals from the judgment, but not from"‘the " ófdér' dhriying it's motion for a 'new "trial. "We ‘áre', therefore, confined.to, .a.consideration, of th.e.alleged errors oivlaw.
The accident occurred on March 5, 1904: On September 2,. iMi^'^theye Was servedupon jtlie" comptroller " a>'verified I'claim,-' describing the time, place, cánse and consequences,.,of .the, .ac.cident, and-concluding; “ Wherefore, your claimant prays; that;the.¡said-.-City" "of bfeW York audlt,'adjust'and,all6Wsaid,'cláimfó'r the‘suWtif$2;.0"00. dámágé's’heí’é"bypresented.”....., ' j "
This notice Of claimppuforms to .the .pipvisions.,of apd, was served in compliance with' section 261 of the Revised Qha-rt,er:.(Laws, of 1901, chap. 466), ¡which tprovides -that'. '‘-‘Wd action-<brspeciáhiprdc'éédihg 'for "any, 'cause W'li'atdvershalFbe'^rdsecuted'fir ítiáintained against The City of ÍSTew Y o vk' ü u less 'it' shall' appear" tiy and’as'aii allegation in the .complaint .or, .necessary mqying, .papers,t,hat ,;at,: leyistthiriy. days :háve¡ elapsed since the demand; claim-, or. claims upon which-'Such'áct'ioñ 'or 'special "proceeding is"founded'were'pfeserited to "illé 'óóinptróller of "sáid ‘city Toy'ádjiísítaeñt and tlíát "he'lias neglectedior Refused'to inakp an adjustment or payment therepf for thirty,-days, after s.uch presentment;.”: ‘; v.-(
This provision is not confined to" any "class of-. cM-ms^ but: embraces al'li- '-'There '‘ismioTiinitatibn 'put ttpon the'timfe 'of 'filing: It-'is iiSt in any sense "a statute of limitations." "It does-not create'a' cause of action.-, -The presentment of the .demand ¡presilppo.ses a.legal-claim.' Its, object-:isto.".give:ithe"city.authorities tim'eTo,dnyeStigdteian'd,-.if *293 the. claim is good, pay without suit, It is part of the; procedure whiclp the Legislature, has,, provided shall be taken-in enforcing claims against the city. It is a condition precedent to the, right to sue,; It is, therefore,, necessary to allege and prove the demand-and the neglect or refusal to adjust or pay, and the expiration, of the, thirty days. Similar provisions have been inserted in former charters of -the city of - New York (Laws of 1860, chap. 379, § 2; Laws of 1873, chap. 335, § 105; Consol. Act [Laws of 1882, chap. 410], § 1104, as amd. by Laws of 1896, chap. 887; Greater N. Y. charter [Laws of 1897, chap. 378], § 261), and in those, of many other municipalities .of the State, Section 1 of; chapter 572 of the Laws of 1886 provides that “ no action- against the mayor, aldermen and commonalty of any city in this State, having fifty thousand dnhab.it-' ants or over, for damages for personal injuries, alleged tq have been.sustained by reason .of, the negligence of, snch.mayor,:aIdei-men'and commonalty, or of, any department, board, officer, agent or employee - of said -corporation, shall be maintained, unless the same shall be commenced.within one. .year after the cause of action thqrefqr. shall have, accrued, nor unless notice; of■ the intention to commepee .such" action, and of the .time and place at which the injuries weye .received, shall.have -been..filed with the counsel to the corporation, or other-proper law, officer thereof, within,--six .months after such cause of-action shall haye accrued.” This, statute is a statute.of limitations, in that.it limits, the time within which'an action for negligence can be maintained against, a city to. one year after the cause, of action therefor,shall have accrued, It also requires as a condition precedent that,notice, of. intention to sue shall have been filed with the law officer,, of the ¿ity within .six months after spell cause of action shall have accruqd, .. Therefore, an, additional condition precedent; was created; . Tinder the charter provision a .claim .had to be filed with the fiscal officer, the, comptroller, and-thirty, days .allowed to i lapse for .adjustment or,payment .before suit,: - linden this act anotice of intention to sue..was.required to .be. filed wit-h.thelaw officer, and, within six months after the canse of action shall haye accrned, Qonipliance witii’e.ach,pro vision had tq bmalleged and proved, They were independent provisions designed tq, conserve different objects.
In Curry v. City of Buffalo (57 Hun, 25), the General Term, in considering a similar provision in the charter of Buffalo and the *294 act of 1886, said: ££The object of the charter was to enable’the city through its common council to have forty days to examine ' and determine whether a claim should be audited before an action could be brought. * * * But the act of 1886 required the notice specified in it to be delivered to the.corporation counsel or the law officer of the city. The provisions of the charter in no way conflict with the act of 1886. * * * The provision of the-charter was to. prevent the bringing of an action until the common council had forty days time to’examine it. The: act of 1886 makes it a condition precedent that notice-that'an. action will be brought must be served on the corporation. counsel within six months, and the action must be brought within a. year after the accident."‘ * * * Both of these requisites must be complied with to enable the injured party to, maintain the action.”
When that case reached the Court of Appeals (135 N. Y. 366), that court expressly approved of the opinion below.
Chief Judge Eael said : “ The provisions of that section (of the Buffalo charter) are not inconsistent with the provisions of section 1, chapter 572 of the Laws of 1886, and both sections can stand together and have full operation. '■ * * * The-section is impera- ■ tive. The action cannot be maintained unless notice of the intention to commence it, and of the time and place of the injury ‘ shall have been filed with the counsel to the corporation,’ and a failure to file the notice furnishes a defense to the action. The filing of the notice is a condition precedent' to the maintenance of the action. * * * The whole matter of the maintenance of this class of' actions was within the control of the Legislature. It could refuse a right of action against municipalities for such injuries, and it could impose any conditions precedent 'to the maintenance of such actions. ■ It could require'notice of the intention to commence them to be" ■ served both upon . the ■ common council and upon the corporation, counsel, and an, act'requiring the- one notice would ñot be iñconsist- ^ ent with an act requiring the other. Here the Legislature required the presentation of the claim to the common council for its action . thereon, and the notice to the corporation counsel for his information and to govern and influence his official conduct. These actions against cities are numerous, and the Legislature seems to have been ' solicitous to protect them so far as possible against unjust or exces *295 sive claims, and also against the improvident or collusive allowance of such claims by municipal officers.”
In MacMullen v. City of Middletown (187 N. Y. 37), Judge Gbay quoted from the Curry case and said: “ This statement of the rule was deliberate and, in my opinion, it is correct, when the nature and functions of municipal corporations are considered.”
It follows, therefore, in the case at bar that' in addition to presenting his claim to the comptroller, the plaintiff was required to file a notice of intention to sue with the corporation counsel within six months after his cause óf action had accrued. • The accident occurred on March fifth. He presented his claim to the comptroller on September second. That was within six months of the accident. But that claim contained no notice of intention to sue. The comptroller forwarded the claim to- the corporation counsel and it was received by that officer on September seventh, two days after the expiration of the six months. The respondent does not contend that to have been a compliance with the statute. On December 28/1904, nine months and twenty-three days after the happening of the accident, he filed a proper notice of intention to sue with the corporation counsel. His claim is that his cause of action did not accrue until thirty days after filing his claim with the comptroller; that as he filed his claim with that officer on September second his cause of action did not accrue until October second; that he had six months from that date to file his notice of intention to sue, and that as December twenty-eighth was only two months and twenty-six' days thereafter, although nine months and twenty-three days after the accident, he was in time. That is, he could delay filing his claim for ten months and twenty-nine days, serve his notice of intention to sue and bring his action on the day before the year of limitation expired and yet be within the statute as having served his notice of intention to sue within “ six months after such cause of action shall have accrued.”
In a snow and ice case such a construction would cause the notice to be of inappreciable assistance to the city in preparing its defense to the action. We cannot agree with this claim. The cause of action accrued when plaintiff slipped and fell on the icy pavement. His cause of action was the negligence of the city in permitting the pavement to be and remain in that condition. The injuries were *296 then received,; the basis of his right to. damages, then came, into existence; his cause of action then accrued.
In Taylor v. Mayor, etc., of New York (82 N. Y. 10), in considering the effect of a. similar provision as to presentation of claims, to the comptroller, it was held.that- the failure to present a' claim- to the comptroller before suit, affects the remedy only; the presenta, tion does not in any way determine the existence, of or create the debt. • Folgeb; Oh. J., said : “ There is a cause of action, and there is a remedy by action. They are different rights. * * * Jk rule of law or a-statute may affect the remedy without affecting the cause-of action. * * * The rule that one under disability may. not' bring an action affects Ms remedy, but does not touch .the cause of. action. * * * So it must be when it is a statute that suspends the .remedy by. action, but does not touch the cause of action.”
In Dickinson v. Mayor, etc., of N. Y. (92 N. Y. 584) it was. urged that the right of action did not accrue until the demand, upon the, comptroller .was made, and that, therefore, the Statute of Limitations' did not commence to run until such demand. That was a similar action to the case at- bar, to recover for injuries sustained by a ¡fall on an icy pavement; The court, in. deciding.against the contention, said The intent and purpose of section 105 of the charter* was-mainly to enable the comptroller to settle claims against the city and thereby save unnecessary costs and, expenses in the litigation, which must ensue. We-think that it was not intended to indefinitely extend the time- in all-cases within which an action might .be brought against the city and- thus put in the power of the claimant,to delay "without any limitation whatever, and thereby in some instances, to deprive the corporation of the benefit of testimony, which.otherwise might, have been adduced, in .defense , against an. action brought. The statute was for the benefit- of. the- city.and not: for the benefit, of the claimant. * * * In the case at bar the cause-of action arose upon the principles of the common law and was perfect- and complete when the injury occurred,to:the plaintiff by feason of the negligence of the defendant.”
“ The filing of the notice was required by the statute: in the. interest and. for-the benefit of-the defendant, and while made a condition of, the right to.maintain the action, the intent was;to .furnish *297 to the corporation a defense by way of bar to the action when not complied with. The provision affected not the cause of action, but the remedy, by regulating the procedure.” (Missano v. Mayor, 160 N. Y. 133.)
“The claim that the service of a proper notice under the statute constituted a part of the plaintiff’s cause of action is not quite correct. The absence or presence of such a notice relates to and affects the'procedure rather than the cause of action. It relates to the remedy and not to the right.” (Sheehy v. City of New York, 160 N. Y. 143.) The respondent relies upon Werner v. City of Rochester (77 Hun, 33). In that case the learned justice who wrote the opinion held that the cause of Action accrued forty days after the presentation of the claim to the common council. To do this he was forced to give a different meaning to the same words used in the same statute.* He held that the year within which the action must be brought must be computed from the happening of the accident, but that the six months within which the notice of intention to sue must be served must be computed from the expiration of forty days after-filing the claim with the common council, although the statute in each instance was set running “ after such cause of action shall have accrued.” One of his associates concurred in the opinion and the other two in. the result only. When the case reached the Court of Appeals (149 N. Y. 563) that court declined to pass -upon that question because not raised by any proper exception in the record.
We are not bound by that decision and with the greatest respect to the ability and learning of the writer of that opinion we think it not in harmony with the trend of the cases upon this subject.
Respondent cites Crapo v. City of Syracuse (183 N. Y. 395). In that case a bare majority of the court, over a most vigorous dissent, held that in a death case the notice to sue need not be served until six months after the appointment of an administrator. The decision was specifically put upon the ground that as an action to recover damages for death caused by negligence was purely statutory and was given expressly to the executor or administrator of a decedent, such cause of action.did not accrue until there was an executor dr administrator in existence capable of bringing and maintaining the *298 action. It has- no application here. So in McKnight v. City of New York (186 N. Y. 35) where an action, was brought to recover •damages for an injury to "an infant under- the age of fourteen years," it was held that the running of the period of limitation, of on.e year ¡provided "in chapter 572 of the. Laws" of 1886 was. suspended by .reason" of the exception contained in section 396 of the Code of Civil Procedure. That case does not here apply. In the Missano (160 N. Y. 123) and Sheehy Gases (Id, 139) there was an attempted compliance with, the statute and notice was actually received by the corporation counsel within the six months.
In the case at bar the .notice, to the comptroller contained' no statement of intention to, sue and was not filed with the corporation counsel.until, after the expiration of six months.
We are, therefore,;of.the" opinion that as this plaintiff was not an administrator nor ..an infant nor suffering from any other disability, his cause-of action accrued, when he received' the injury complained of "and lie was, therefore,.within the express conditions and. limita- ■ tions of- "the ¡statute governing his right to maintain the action, and as his notice of intention- to sue was not filed within the time limited that the complaint should have been dismissed.
The judgment should be reversed and a new trial ordered,- with costs to. the appellant to abide the event.,
Patterson, P. J., Ingraham, Laughliñ and Scott, JJ., concurred!
Judgment reversed, new trial ordered, costs to appellant to abide event. . -' "

Laws of 1873, chap. 335, § 105.— [Rep.

 See Laws of 1880, chap, 14, § 80, as amd. by Laws of 1890, chap. 561.—'[Rep.