## DENAIR *v.* CITY OF BROOKLYN.

*(City Court of Brooklyn, General Term.* June 24, 1889.)

1. PLEADING—AMENDMENT.

Where, in a suit against a city for damages, it appears that plaintiff has filed the notice of injuries received, required under Laws N. Y. 1886, c. 572, but has failed to plead such service in his complaint, he should be permitted to apply to the special term for leave to amend his complaint in that respect.

2. MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—ACTION FOR INJURIES.

Where, in such suit, it appears that plaintiff, within six months from the time of the accident, filed a written notice with the city comptroller, reciting his name and residence, and that he claimed $5,000 damages for the injuries described therein, reciting the time and place of the accident, which notice was given within the six months to the corporation counsel, before whom plaintiff appeared on request, and was examined as to the accident, it was a sufficient compliance with Laws N. Y. 1886, c. 572, § 1, providing that suit for such injuries against a city of 50,000 inhabitants must be brought within one year after the right accrues, and that notice of the intent to sue, and of the time and place where the injuries were received, must be filed with the corporation counsel within six months after such action accrued.

3. EVIDENCE—JUDICIAL NOTICE.

The court will take judicial notice of the population of the city of Brooklyn.

4. MUNICIPAL CORPORATIONS—ACTIONS AGAINST.

An action for personal injuries is not embraced within Laws 1886, c. 563, providing that a suit shall not be maintained against the city of Brooklyn unless it shall appear by the complaint that the claim, duly verified, has been presented to the comptroller more than 30 days since, who has refused to pay the same

Appeal from jury term.

James Denair sued the city of Brooklyn for damages for injuries received. From an order dismissing the suit plaintiff appeals.

Argued before VAN WYCK and OSBORNE, JJ.

*G. B. & A. M. Stoddart,* for appellant.   *Almet F. Jenks,* for appellee.

VAN WYCK, J.   This action was brought to recover damages for personal injuries sustained by plaintiff through the negligence of defendant.   The defendant moved on the pleadings, before any testimony was taken, to dismiss the complaint, because there was no allegation therein of the service of a notice of intention to sue the city, and of the time and place at which the injuries were received, on the corporation counsel within six months after the accident, which is required to be served or filed by the following act, (Laws 1886, c. 572,) viz.: "Section 1. No action against any city having fifty thousand inhabitants, for personal injuries sustained by reason of the negligence of such corporation, shall be maintained, unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of an·intention to commence such action, and of the time and place at which the injuries were received, shall have been filed with counsel to the corporation within six months after such cause of action shall have accrued."   The courts will take judicial notice of the population of a political division of·the state.   *Farley* v. *McConnell,* 7 Lans. 428.   Therefore this statute applies to the city of Brooklyn, and the pleading of the notice required thereby is a condition precedent to the right to maintain such action.   *Reining* v. *Buffalo,* 102 N. Y. 308, 6 N. E. Rep. 792.   The filing of this notice is not pleaded in the complaint therein, and it is defective in that respect.   But the court refused to grant this motion made on the pleadings alone, thinking, doubtless, the statute of limitations would defeat a recovery·in a second action.   Plaintiff was allowed to show by testimony what he had actually done, which he claimed to have been a compliance with this act in respect to such notice.   This course was pursued with a commendable view of promoting justice, if it amounted to such compliance, by permitting plaintiff to amend the complaint at the trial in that respect, or to withdraw a juror, and apply to the special term for permission to do so on such terms as should be deemed proper.   The court, after hearing the testimony in reference to such notice, dismissed the complaint, thereby, in effect, holding that this notice was not only not pleaded, but was not actually given.   If the required notice was given, we think the plaintiff should have opportunity to apply to the special term for permission to amend the complaint by pleading the same.   This brings us face to face with the proposition, do the acts of plaintiff in this respect make out the notice required by the statute, and the service or filing thereof, the object of which is to impart to the city information of the time and place of an accident resulting in personal injuries, for which the city is about to be sued, within six months after it occurred, in order that the city may learn or examine into the real circumstances surrounding the accident while they are fresh in the minds of those witnessing the same?   A notice fuller than the one required by this statute, within the period fixed, was left with the comptroller of the city.   It recited the name and residence of plaintiff, and that he claimed from the city $5,000 damages for the fracture of his ankle on December 31, 1887, caused by the negligence of the city, while he was crossing from the west to east side of Rodney street, on the cross-walk on Division avenue, in said city.   This written notice was placed in the manual possession of the corporation counsel within the six months, and within

the same period the plaintiff appeared before the corporation counsel in his office, in pursuance of a notice from the comptroller demanding his presence there. Plaintiff was then and there orally examined under oath by the corporation counsel on the matters referred to in this notice, which was then in his hands. Defendant insists that this was only a performance of the duties imposed on plaintiff by another statute, (Laws 1886, c. 563,) and that a formal compliance must be shown with both acts. But an action for personal injuries is not embraced within this statute, (Laws 1886, c. 563,[1]) and no duty was imposed on this plaintiff to comply therewith, (*Cavan* v. *City of Brooklyn, ante,* 758, general term of this court, June, 1889.)

We think the contention that plaintiff has not sufficiently responded to the requirements of the law in question (Laws 1886, c. 572) is a refinement upon technicalities, which no court will or should favor. All the benefits, and more too, which the city could possibly derive from its provisions have been secured. It was a complete execution of the spirit of this law, at least. The receipt of this written notice giving the requisite information, by the corporation counsel, who acted upon it by an examination of the plaintiff, was such an adoption of the same by him as to establish the service, or rather, in the word of the statute, the "filing thereof" with the counsel. This was almost a perfect fulfillment of the very letter of the statute. It fell short in no respect, except that it was first handed to the comptroller, and by him immediately turned over to the corporation counsel, who accepted and acted upon it. Was not this such service or filing thereof as was contemplated? The court, under such circumstances, should hesitate to encourage the use of this supposed defect as an instrument for depriving one of rights presumed to be both legal and meritorious. There will be found in the following authorities a strong tendency to uphold the sufficiency of a compliance with the spirit of the requisites of this statute, even though every minute detail of the letter thereof has not been performed: *Meyer* v. *Mayor,* 12 N. Y. St. Rep. 674; *Williams* v. *Buffalo,* 14 N. Y. St. Rep. 81; *Magee* v. *Troy,* 48 Hun, 383, 1 N. Y. Supp. 24; *Butler* v. *Rochester,* 4 Hun, 321; *Williams* v. *Buffalo,* 25 Hun, 301. Plaintiff's case appeals more strongly to the favorable consideration of the court than any of the reported cases upon similar questions. We think the exceptions ought to be overruled, and judgment ordered for defendant, with costs, unless the plaintiff obtains leave to amend his complaint at special term within 30 days, in which case a new trial is granted, with costs to the defendant to abide the event.

OSBORNE, J., concurs.

---

[1] Laws 1886, c. 563, provides that no suit shall be brought against the city of Brooklyn unless the complaint alleges that, at least 60 days before suit, the claim on which the action was brought was presented to the comptroller for adjustment, who has refused to adjust or pay the same.