O’Brien. J.
It is conceded that no notice, as required by chapter 572, Laws of 1886, was actually filed with the counsel to the corporation.. It is contended, however, that the filing of a claim with the comptroller, as required by the Consolidation act, and the forwarding of the same to the corporation counsel, and an examination thereafter of the claimant by the latter officer, within six months after the cause of action accrued, fulfilled the requirements of chapter 572, Laws of 1886. This contention is fully supported by the cases of Meyer v. Mayor, etc. of N. Y. (12 .State Rep. 674) ; and Denair v. City of Brooklyn (5 N. Y. Supp. 835).† Since the decision of these cases the same *278 question has been passed upon adversely by the General Term of this court (Third Department) Dawson v. City of Troy (49 Hun, 322). In this last case it is said, “ The-plaintiff did not comply with the statute . . . probably overlooked it ” . . . And now asks the court to say . . . “ That a paper served on the mayor was a paper-filed with the corporation counsel.” “ I do not think our sympathy should lead us to disregard the plain words of the-statute. We might as well say that if the corporation counsel had heard in the street' that the plaintiff was about to commence this action, such hearing would relieve her from the requirements of that statute.” The question therefore, under this decision as to whether or not, by the- *279 notice sent from the comptroller’s officer, or from the examination of claimant, the corporation counsel had actual notice of an intention to sue, is immaterial. The condition precedent to bringing the action is the filing of notice of the intention to commence such action with him. Apart from Dawson v. City of Troy being a binding authority, I am inclined to adopt the construction of the statute therein given, and apply it here as it will enable plaintiff to review the determination without putting him to the trouble and expense of bringing witnesses, and of preparing for and trying the cause, until the right to maintain the action is determined. Upon the conceded facts complaint dismissed.

 in Meyer v. Mayor, &c. of N. Y. (N. Y. Com. Pl. Genl. Term, Jan. 1888) 12 State Rep. 674, it was held that the act of 1886 (c. 672) was applicable only to cases in which the action is not commenced by service of summons and complaint within six months of the injury. The court was of opinion that leaving a copy of the summons and complaint at the office of the corporation counsel before notice of appearance was given, was a sufficient compliance with the statute. In this latter respect the case is distinguishable from the later case of Dawson v. City of Troy, where the summons and complaint were served on the mayor, such service of itself commencing the action. This the court held could not be deemed notice of an intention to commence an action. Jn the Meyer case, however, the proposed summons and complaint were *278 left at the office of the corporation counsel. This Aid not commence-the action. A notice of appearance was necessary to give the court jurisdiction, and the counsel to the corporation was at liberty to withhold such appearance at his pleasure. In such case the leaving of the-proposed summons and complaint, not yet served, might well be held to amount to the mere expression of an intention to commence an action.
In Dawson v. City of Troy, 49 Hun, 322, the court held that service-of a summons and complaint, in a former action for the same cause, upon the mayor of the city, was not a compliance with the statute; that such service was of itself a commencement of the action and not notice of an intention to commence an action; and that it could not indicate an intention to commence the second action, because plaintiff' could not then have had such intention; that service of papers on the mayor could not be deemed the filing of a notice of intention with the corporation counsel.
In Denair v. City of Brooklyn (Brooklyn City Ct. General Term, June, 1889), 5 N. Y. Supp. 835, it appeared that a notice, fuller than, the one required by the act of 1886, had been left with the comptroller of the city and had reached the manual possession of the corporation, counsel within six months of the injury, and within the same period the plaintiff appeared before the corporation counsel in pursuance of a. notice from the comptroller, and was examined under oath as to the matters referred to in the notiee, then in the hands of the corporatioa counsel. The court held that plaintiff had sufficiently complied with. thc requirements of the act of 1886; that there had been a complete-execution of the spirit of the law.