(16 Misc. Rep. 303.)

NORTON v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. March 19, 1896.)

1. ACTION AGAINST CITY—NOTICE.
    Under Laws 1886, c. 572, requiring notice of intention to begin action against a city for personal injuries to be filed within six months after cause of action accrues, the fact of filing the notice within the limit prescribed must be set up in the complaint.

2. SAME—WRITTEN NOTICE.
    Where the law requires a notice to be filed, the implication is that it shall be in writing, and oral notice is insufficient.

3. LIMITATION OF ACTIONS—PERSONAL INJURIES—INFANTS.
    The provisions of Code Civ. Proc. § 396, extending the limitation of actions in the case of infants to one year after disability ceases, do not apply to the limitation in Laws 1886, c. 572, requiring notice of intention to begin action against a city for personal injuries to be filed within six months after cause of action accrued.

Action brought by John Norton against the city of New York for personal injuries.

William Stainton and J. P. Berg, for plaintiff.
F. M. Scott and R. C. Beatty, for defendant.

McADAM, J. The plaintiff on March 12, 1895, sustained personal injuries by reason of the negligence of defendant in respect to the highway known as "Eighth Avenue." The defendant moved to dismiss the complaint upon the ground that notice of intention to commence the action had not been filed with the counsel to the corporation within six months after the cause of action accrued, as required by chapter 572 of the Laws of 1886. The notice was given, but not until about ten months after the happening of the accident, and the fact is so alleged in the complaint. The fact of the filing of the notice within six months must be set up in the complaint, or a cause of action is not alleged. Mertz v. City of Brooklyn (City Ct.) 11 N. Y. Supp. 778, affirmed 128 N. Y. 617, 28 N. E. 253; Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80; Foley v. Mayor (Sup. Ct., App. Div., First Dept., Feb., 1896) 37 N. Y. Supp. 465. The legislature can attach such a condition to the maintenance of either a common-law or statutory action. Rein-

ing v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792. It is a condition precedent. Bauer v. City of Buffalo (Sup.) 18 N. Y. Supp. 672; Babcock v. Mayor, etc., 56 Hun, 196, 9 N. Y. Supp. 368; Dawson v. City of Troy, 49 Hun, 322, 2 N. Y. Supp. 137; Frankel v. Mayor, etc. (Sup.) 2 N. Y. Supp. 294; Sullivan v. City of Syracuse, 77 Hun, 440, 29 N. Y. Supp. 105; Harrigan v. City of Brooklyn, 119 N. Y. 156, 23 N. E. 741; and McDonough v. Mayor, etc. (Sup.) 37 N. Y. Supp. 1,—merely hold that in actions ex delicto a demand for adjustment need not be served upon the comptroller, and in no manner affect the proposition involved here.

It is claimed that, because the plaintiff is an infant, the statute does not apply to him until one year after the disability has been removed. Code, § 396. The answer to this is that the exceptions in the Code do not apply to the statute in question, which is special in its character, and contains no exceptions. Infants, like other persons, are barred by an act for limiting suits at law, if there is no saving clause in their favor. Ang. Lim. (May's Ed.) §§ 195, 476.

Plaintiff asked leave to amend by alleging oral notice to an attaché of the corporation counsel's office. The amendment, if granted, would be unavailing; for, when the law requires a notice to be filed, it implies that it shall be in writing. Foley v. Mayor, etc., supra.

It follows that the motion to dismiss the complaint must be granted.