(22 App. Div. 520.)

### BARNES v. CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

DEATH BY WRONGFUL ACT—ACTION AGAINST CITY—NOTICE.

    The cause of action given by Code Civ. Proc. § 1902, to the executor or administrator of a decedent, to recover damages for a wrongful act, neglect, or default by which the decedent's death was caused, does not arise until letters testamentary or of administration are granted; and therefore the notice of intention to commence such an action against the city of Brooklyn, which is required by Laws 1886, c. 572, to be filed within six months after the cause of action shall have accrued, may be filed at any time within six months after the granting of such letters.

Appeal from special term, Kings county.

Action by Johanna Barnes, as administratrix of William Barnes, against the city of Brooklyn. From the judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Richard T. Greene, for appellant.

F. W. Catlin, for respondent.

BRADLEY, J. The action was brought to recover damages for the benefit of the next of kin of the intestate for the alleged negligence of the defendant, causing his death, on May 30, 1896. The plaintiff also, among other things, alleges that letters of administration were issued to her by the surrogate's court of Kings county on September 22, 1896; that on the 26th day of that month, and more than 30 days before the commencement of this action, she presented to the comptroller of the city of Brooklyn a statement of facts, duly verified, as provided by the statute (Laws 1894, c. 568); and that on the 23d day of December, 1896, the plaintiff filed with the corporation counsel of that city a notice in writing of her intention to commence this action, and stating the subject of it, as required by the statute, which provides that "notice of the intention to commence such action and of the time and place at which the injuries were received shall have been filed with the counsel to the corporation * * * within six months after such cause of action shall have accrued," without which no such action should be sustained. Laws 1886, c. 572, § 1.

The question presented by the demurrer is whether the notice was filed within the requisite time. It was not done within six months after the death of the plaintiff's intestate. It was filed within six months after letters of administration were issued to the plaintiff. In the view taken, the only proposition requiring consideration has relation to the time when the alleged cause of action accrued. By the act originally giving a right of action for such cause, it was provided that it should be brought by and in the name of the personal representative of the deceased person, and that it should be commenced within two years after the death of such deceased person (Laws 1847, c. 450), and the provisions of the statute remain substantially the same (Code Civ. Proc. § 1902). The time thus limited for the commencement of an action is not open to any question. It terminates within two years after the death complained of. The alleged cause of action in question resulted from the death of the plaintiff's intestate. It did not occur during his life, and, until letters of administration were granted to the plaintiff, there was no person in existence capable of bringing an action for the alleged cause. While the right of action was given by the death of the plaintiff's intestate, for the alleged cause of the death, no cause of action could accrue to any party until the appointment of his personal representative. The creation of that relation, therefore, would reasonably seem to be essential to the accruing of a cause of action; and such is the recognized import of the term. See the

definition of "accrue" in Burrill's Law Dictionary. In Murray v. East India Co., 5 Barn. & Ald. 204, it was held that a cause of action upon a bill of exchange payable to the testator, and accepted after his death, did not accrue until his personal representatives came into existence by taking letters of administration. And the court of kings bench, by Abbott, C. J., there said: "Now, independently of authority, we think that it cannot be said that a cause of action exists unless there be also a person in existence capable of suing." The leading case in this state upon the subject is Bucklin v. Ford, 5 Barb. 393, where the defendant was charged with the conversion of personal property of the estate of the plaintiff's intestate after his death. It was there held, as in the Murray Case, supra, that the cause of action could not accrue until there was some person in existence capable of suing. Many cases are there cited in support of that rule. This proposition and the Bucklin Case are recognized, approved, and adopted in Everitt v. Everitt, 41 Barb. 393; Dunning v. Bank, 6 Lans. 297, 61 N. Y. 497, 503; Sanford v. Sanford, 62 N. Y. 553, 555; Halsey v. Reid, 4 Hun, 778; and Cohen v. Hymes, 64 Hun, 56, 18 N. Y. Supp. 571. The only modification of this doctrine is found in the provisions of section 392 of the Code of Civil Procedure. Those provisions have no application to the present case. In the view taken of it, the cause of action did not accrue until letters of administration were granted to the plaintiff; and, consequently, the notice of intention to commence the action is by the complaint alleged to have been filed in due time with the corporation counsel. In the cases of Dickinson v. Mayor, etc., of City of New York, 92 N. Y. 584, and Walsh v. City of Buffalo, 92 Hun, 438, 36 N. Y. Supp. 997, the persons injured were the plaintiffs. The question here could not there arise. No other question requires consideration.

The interlocutory judgment should be reversed, with leave to the defendant to answer on payment of costs. All concur.