WILLIAMS v. QUEBEC S. S. CO., Limited.

(District Court, S. D. New York. December 2, 1903.)

1. WRONGFUL DEATH—RIGHT OF ACTION FOR DAMAGES—MARITIME LAW.
   There is no right of action for wrongful death under the general maritime law.

2. SAME—STATUTORY ACTION—LIMITATION.
   The provision of Code Civ. Proc. N. Y. § 1902, which gives a right of action for wrongful death, that "such action must be commenced within two years after the decedent's death," is a condition of the right of action itself, and no action based on the statute can be maintained after the time limited, nor is the time extended to cover the appointment of an administrator.

In Admiralty. Action for wrongful death. On exceptions to libel.

Arthur F. Engel and Andrew J. Smith, for libellant.

Butler, Notman, Joline & Mynderse and Frederick M. Brown, for respondent.

ADAMS, District Judge. This action was brought on the 8th day of July, 1903, to recover the damages caused by the death of Henry Williams, through an alleged defective and insecure boom, used in discharging the respondent's steamer Wilmerdine, at New York, on or about the 12th day of May, 1899. While the boom was being used, the decedent was struck by an iron hook, in some way connected with it and almost instantly killed.

The respondent excepts to the libel upon the grounds:

"First: That the libel does not set forth facts sufficient to constitute a cause of action.

Second: That the libel fails to recite a cause of action cognizable under the general maritime laws or under the laws and statutes of the United States.

¶ 1. See Admiralty, vol. 1, Cent. Dig. § 218.

Third: That the libel fails to recite a cause of action under section 1902 of the Code of Civil Procedure of the State of New York, or under any other statute of the State of New York, in that it appears upon the face of the libel that this action was not begun within two years after the death of the decedent, Henry Williams, and in that it appears upon the face of the libel that within two years after the death of said decedent and until the 16th day of February, 1903, the libellant had not been appointed administratrix of said decedent.

Fourth: That it appears upon the face of the libel that this action was not begun within the time limited therefor by the laws of the State of New York."

There is no such right of action in Admiralty as the libel sets forth, apart from statutory provisions. The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358. Whatever right the libellant may have in this action must be under section 1902 of the New York Code of Civil Procedure, which reads as follows:

"Section 1902. Action for causing death by negligence, etc.

The executor or administrator of a decedent, who has left, him or her surviving, a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect, or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent, by reason thereof, if death had not ensued. Such an action must be commenced within two years after the decedent's death."

It has been held that the requirement of an action being commenced within two years after the death, operates as a limitation of the liability itself as created, and is a condition attached to the right to sue at all. The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358 (at page 214, 119 U. S., page 147, 7 Sup. Ct., 30 L. Ed. 358); Stern v. La Compagnie Generale Transatlantique (D. C.) 110 Fed. 996.

It is urged by the libellant, citing Barnes v. City of Brooklyn, 22 App. Div. 520, 48 N. Y. Supp. 36, that the cause of action did not accrue until letters testamentary were granted and that, as the letters in this case were not issued until the 16th day of February, 1903, the time did not begin to run until that date. This view can not be sustained. The language of the Act is explicit: "Such an action must be commenced within two years after the decedent's death," and, in view of the plain language, the time to commence an action can not be extended by construction. Moreover, the case cited is not an authority for the contention. In the opinion, it is said. "The time thus limited is not open to any question. It terminates within two years after the death complained of." Page 522, 22 App. Div., and page 37, 48 N. Y. Supp. The case turned upon the question of the time within which the notice of intention to sue should be given under Laws 1886, p. 801, c. 572, § 1. It appears that the judgment in that case was rendered on the 12th of August, 1897, and as the death occurred on the 30th of May, 1896, the action was brought, and proceeded to judgment, before the expiration of the limited time—The case of Londriggan etc. v. N. Y., N. H. & H. R. R. Co., 5 Civ. Proc. R. 76, is in point and adverse to the libellant's position.

Exceptions sustained.