(98 App. Div. 376)

### CRAPO v. CITY OF SYRACUSE.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1904.)

1. MUNICIPAL CORPORATIONS—LIABILITY FOR WRONGFUL DEATH—"PERSONAL INJURIES" INCLUDING INJURIES RESULTING IN DEATH.

The words "personal injuries," as used in Laws 1886, p. 801, c. 572, limiting the time for bringing certain actions against a city of 50,000 inhabitants or over include injuries resulting in death, and apply to actions brought by an executor or administrator as authorized by Code Civ. Proc. § 1902.

2. SAME—LIMITATION OF ACTIONS—COMPUTATION OF TIME.

Code. Civ. Proc. § 1902, gives a right of action for wrongful death, and requires it to be brought by the executor or administrator of decedent within two years after decedent's death. Laws 1886, p. 801, c. 572, provides that no action against a city of 50,000 inhabitants or over for personal injuries resulting from negligence shall be maintained unless the same shall be commenced within one year after the cause of action

shall have accrued, nor unless notice of the intention to commence such action and of the time and place at which the injuries were received shall have been filed with the counsel for the corporation within six months after the cause of action accrued. *Held*, that the time for commencement of such action and the giving of such notice should be computed from the death of the decedent, rather than from the date of issuing letters of administration.

Appeal from Trial Term, Onondaga County.

Action by Mary Crapo, as administratrix of the estate of Henry Crapo, deceased, against the city of Syracuse, for the wrongful death of decedent. There was a judgment for plaintiff for $7,651.96 damages and costs, from which, and an order denying defendant's motion for a new trial, made on the minutes of the court, pursuant to Code Civ. Proc. § 999, defendant appeals. Reversed.

The action was commenced on the 9th day of September, 1901, to recover the damages sustained by the widow and next of kin of Henry Crapo, deceased, because of his death, which occurred on the 22d day of December, 1899, while in defendant's employ, alleged to have been caused solely through its negligence.

Argued before McLENNAN, P. J.; and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Walter W. Magee, Corp. Counsel, for appellant.
Thomas Hogan, for respondent.

McLENNAN, P. J. One of the many interesting questions presented by this appeal is: Must an action by an administrator against a "city in this state having 50,000 inhabitants or over," to recover damages for the alleged negligent killing of his intestate, be commenced within one year, and a notice of intention to commence such action and of the time and place at which the injuries were received be filed with the law officer of the city within six months, after the death of the decedent, or is the time to be computed from the date of the issuing of letters of administration? Plaintiff's intestate was killed instantly on the 22d day of December, 1899, in an accident alleged to have been caused by defendant's negligence. The plaintiff was duly appointed administratrix of the goods, chattels, etc., of the deceased on the 8th day of May, 1901. The action was commenced on the 9th day of September, 1901, more than 20 months after the accident and death, but within five months after the letters were issued. The notice referred to was not filed with the corporation counsel until the 25th day of June, 1901, more than eighteen months after the death, but within two months after the issuing of the letters of administration. The right of action in this class of cases is given by section 1902 of the Code of Civil Procedure, and requires that such an action must be brought by the executor or administrator of the deceased, and commenced within two years after the decedent's death. Chapter 572, p. 801, of the Laws of 1886, provides:

"No action against * * * any city in this state having fifty thousand inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the negligence * * * of such corporation, shall be

maintained unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action and of the time and place at which the injuries were received shall have been filed with the counsel for the corporation or other proper law officer thereof within six months after such cause of action shall have accrued."

The words "personal injuries," as used in this statute, include injuries resulting in death, and apply to actions authorized by section 1902 of the Code, if against municipalities having 50,000 inhabitants or over. Titman v. Mayor, etc., 57 Hun, 469, 10 N. Y. Supp. 689; Littlewood v. Mayor, etc., 89 N. Y. 24, 42 Am. Rep. 271; Curry v. City of Buffalo, 57 Hun, 25, 10 N. Y. Supp. 392. The limitation of two years specified in section 1902 of the Code, within which an action for negligence resulting in death must be commenced, was changed by chapter 572, p. 801, of the Laws of 1886, when brought against a city in the state having 50,000 inhabitants or over. As to such actions the limitation is one year after the cause of action accrues, the act superseding and taking the place of the provision of the Code in that regard, and is the only statute of limitation applicable to an action like the one at bar. This proposition is not seriously controverted, but respondent's counsel contends that the words of the statute, "after such cause of action shall have accrued," refer to the time letters of administration were issued, and not to the time of the death of the decedent, and therefore insists that the action was commenced and the notice filed within the time required; that the cause of action did not accrue, within the meaning of the statute, until an administrator was appointed, because until the happening of that event there was no person in being who could have commenced the action. It is urged that the Legislature could not have intended that the statute of limitations should commence to run before the appointment of an administrator—before there was any one in existence who could prevent its running; for, if so, the cause of action might be lost, and the next of kin prevented from recovering the damages to which they were entitled without fault on their part. The fact that the construction contended for by appellant's counsel might in some cases, or in this case, result in hardship, is not alone a sufficient ground for rejecting it. The result is of no consequence except as it may indicate the legislative intent. When did the cause of action accrue—at the time of the decedent's death, or when an administrator of his estate was appointed? Similar statutes of other states have been differently construed by their respective courts. In Carden v. Louisville & N. R. Co. (decided by the Kentucky Court of Appeals) 39 S. W. 1027, where the language of the statute was precisely the same as in the statute being considered, it was held that the cause of action accrued at the time of the death, and it was pointed out that it would be unreasonable to hold that the Legislature, by the use of such words, intended to provide that such an action might be brought within a year after the appointment of an administrator, which might be 20 years after the happening of the accident and death. The same words used in a similar statute were held by the Connecticut courts to

refer to the time when the administrator was appointed. Andrews v. Hartford & New Haven R. R. Co., 34 Conn. 57. The court said:

"Inasmuch, then, as under a well-settled rule no cause of action can arise and exist in favor of an administrator until he comes into existence as such, and this suit was brought within one year after the plaintiff received his appointment, it was not barred [by the statute of limitations]."

Other decisions, equally conflicting, made by the courts of different states might be cited.

To ascertain the correct meaning of a statute, all its provisions should be considered, and also any other legislative enactments relating to the same subject-matter. As we have seen, the statute in question requires "notice of the intention to commence such action and of the time and place at which the injuries were received" to be filed with the counsel to the city "within six months after such cause of action shall have accrued." It has been repeatedly held by the courts of this state that such notice is a condition precedent to the right of recovery; that its purpose is to inform the municipality that a claim is made against it, and the nature thereof, so that, if well founded, it may be adjusted, or, if not, that it may have the information necessary to prepare its defense. In the case of Reining v. The City of Buffalo, 102 N. Y. 308, 6 N. E. 792, in speaking of a similar notice, the court said:

"The plain intent of the requirement was to protect the city from the cost, trouble, and annoyance of legal proceedings, unless, after a full and fair opportunity to investigate and to pay the claim, if deemed best, they declined to do so."

If the respondent's interpretation of the statute is correct, the "notice" at the option of the parties interested in the recovery might serve no useful purpose. They might delay procuring an administrator to be appointed until two, ten, or twenty years after the happening of the accident, and the notice required, if served after such lapse of time, would utterly fail of the purpose for which it was intended. Section 1904 of the Code provides:

"When final judgment for the plaintiff is rendered, the clerk must add to the sum so awarded interest thereupon from the decedent's death and include it in the judgment."

It is hardly conceivable that the Legislature intended that interest should be computed from a time perchance years before any cause of action accrued. If so, then interest upon the amount finally recovered may have accumulated for years, without the knowledge of the city, because not notified that any claim existed or would be made against it, and all that time accumulating although no cause of action had accrued. Again, in the many sections of the Code of Civil Procedure limiting the time within which certain actions must be commenced, the same language is used as is employed in the statute under consideration. "Sec. 380. The following actions must be commenced within the following periods after the cause of action has accrued." In the sections immediately following are enumerated a large number of actions, and the period within which each must be commenced is specified. It has never been held by any court that such periods were extended because of the death of the person in whose favor the cause of action existed

and until the appointment of an executor or administrator of his estate, unless so provided by statute. In the cases referred to, except as extended by section 402 of the Code, I am not aware of any rule of equity by which an exception can be created as to any disability imposed by a statute of limitations, where the statute itself creates none. A statute is to be read as it is written, and unless some ground can be found in it for restricting or enlarging its scope it should be so construed as to give to the language employed its general and ordinary meaning. As applied to a case like the one at bar, when we speak of the cause of action having accrued, we have in mind the time when the defendant did or omitted to do an act which constituted actionable negligence—the time when the wrong was committed for which redress is sought. When the plaintiff petitioned the surrogate to appoint her administratrix of the deceased she did not allege that after her appointment, if made, there would exist in her favor a cause of action against the defendant, but she alleged that such cause of action then existed and arose because of the negligent acts of the defendant done on the 22d day of December, 1899, the date of the accident; and by thus alleging the plaintiff only expressed the common understanding of the meaning of "accrued" as applied to a cause of action.

The precise question involved has not been passed upon by the Court of Appeals, although in many cases the principle contended for by the appellant is recognized. In Meekin v. B. H. R. R. Co., 164 N. Y. 145, 58 N. E. 50, 51 L. R. A. 235, 79 Am. St. Rep. 635, at page 149, 164 N. Y., page 51, 58 N. E., 51 L. R. A. 235, 79 Am. St. Rep. 635, the court said:

"The amount of damages in this class of cases [cases of negligence which caused the death of the decedent] depends upon the value of the reasonable expectation of pecuniary benefits from the continuance in life by the decedent to the husband or wife and next of kin. This is a right of property which becomes vested in the beneficiaries at the moment of death, and can be converted into money through a statutory action brought for their benefit by the personal representatives, who are simply trustees for the purpose."

It is difficult to understand how "a right of property" on account of the negligent killing "becomes vested　*　*　*　at the moment of the death" if a cause of action had not "accrued," and never could accrue except by action of the Surrogate's Court.

In Quin v. Moore, 15 N. Y. 432, which is cited with approval in the Meekin Case, supra, it was held that the interest of the beneficiary (the mother) was capable of assignment. The court said:

"The interest of Mrs. Kerns was also assignable. In respect to purely personal torts, it is true that at common law the right of action ceases with the life of the injured party. But in this case, although the tort was personal to the child who died, the statute comes in, and declares that a right of action should survive to the administrator."

Again, we cannot understand how a right of action or cause of action could be assigned or could "survive to the administrator" if it did not exist, if it had not accrued, if it rested with the surrogate to say whether or not it would ever accrue. The cause of action accrued the moment the negligent acts were done which caused the death. It was then capable of assignment. It instantly vested in the beneficiaries named in the statute. It survived to the administrator. It was in no manner

dependent upon the action of the surrogate, except that one step for its enforcement must be taken in that court, and all subsequent steps in another tribunal.

We appreciate that these views are in direct conflict with the decision of Barnes v. City of Brooklyn, 22 App. Div. 520, 48 N. Y. Supp. 36, which, so far as we have been able to discover, is the only case decided by the courts of this state which is an authority for the construction of the statute contended for by the respondent. While we have the greatest respect for the court which decided the Barnes Case, supra, for the reasons indicated we cannot concur in the views therein expressed by the learned court. We are more readily led not to adopt the rule laid down in the Barnes Case because this court has recently decided a case in which the principle was involved adversely to the respondent's contention. In Pitkin v. N. Y. C. & H. R. R. Co., 94 App. Div. 31, 87 N. Y. Supp. 906, the question was indirectly involved, and it was held that such cause of action accrued at the time of the death. In its opinion the court said:

"The right to these damages [for the wrongful killing of plaintiff's intestate] is a right of property which accrues at the moment of the negligent killing, and at such moment becomes vested in the beneficiary for whose benefit the action may be maintained. The right to such damages which thus accrues becomes an asset in the estate of the beneficiary designated by the statute, and the death of such beneficiary does not prevent or terminate a right of action to recover damages which have thus been by him suffered."

After a careful re-examination of the authorities to which attention has been called, we are constrained to adhere to the rule thus stated, and to hold that the alleged cause of action which is the subject of this litigation accrued at the time of the death of the plaintiff's intestate, and that, the action not having been brought within one year from that time, and the notice specified in chapter 572, p. 801, of the Laws of 1886, not having been filed with the corporation counsel within six months after the death of the plaintiff's intestate, the action is barred, and no recovery can be had. Having reached the conclusion indicated, it is unnecesssary to consider any of the other questions raised by the appeal. It follows that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed, and a new trial granted, with costs to appellant to abide event. All concur; WILLIAMS, J., in result only.