JAMES McKNIGHT, JR., an Infant, by JAMES McKNIGHT, His Guardian ad Litem, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

LIMITATION OF ACTIONS — SECTION 396 OF THE CODE OF CIVIL PROCEDURE NOT AFFECTED BY CHAPTER 572 OF THE LAWS OF 1886 — INFANCY.
Chapter 572 of the Laws of 1886, providing in substance that no action for negligence can be maintained against a municipality having 50,000 inhabitants or over, "unless the same shall be commenced within one year after the cause of action therefor shall have accrued," while it created a special limitation in respect to actions for personal injuries against a particular class of defendants, left that special limitation, like the general limitation prescribed in chapter 4 of the Code of Civil Procedure, subject to suspension during the existence of any of the disabilities specified in section 396, one of which is infancy.

*McKnight* v. *City of New York*, 98 App. Div. 622, reversed.

(Argued June 19, 1906; decided October 2, 1906.)

APPEAL, by permission, from a judgment entered December 5, 1904, upon an order of the Appellate Division of the Supreme Court in the first judicial department overruling plaintiff's exceptions ordered to be heard in the first instance

by the Appellate Division, denying a motion for a new trial and directing a dismissal of the complaint in conformity with the judgment of the Trial Term.

The nature of the action, the facts, so far as material, and the question certified are stated in the opinion.

*J. Brownson Ker* and *M. P. O' Connor* for appellant. The Statute of Limitations was suspended by the infancy of the plaintiff, and the trial court erred in holding that the cause of action was barred by chapter 572 of the Laws of 1886. (Code Civ. Pro. § 396; *Hayden* v. *Pierce,* 144 N. Y. 512; *Titus* v. *Poole,* 145 N. Y. 414; *Hamilton* v. *R. Ins. Co.,* 156 N. Y. 332; *Chamberlain* v. *Chamberlain,* 43 N. Y. 424; *Matter of Evergreen,* 47 N. Y. 216; *Smith* v. *People,* 47 N. Y. 330; *People* v. *St. Lawrence County,* 103 N. Y. 541; *Bowen* v. *Lease,* 5 Hill, 221; *Rosecrans* v. *United States,* 165 U. S. 262; *Lucas Co.* v. *C., etc., R. Co.,* 67 Iowa, 541; *Pratt* v. *A., etc., R. Co.,* 42 Me. 579.)

*John J. Delany, Corporation Counsel* (*Theodore Connoly* and *Terence Farley* of counsel), for respondent. Plaintiff's cause of action not having been commenced within one year after it occurred, is barred by chapter 572 of the Laws of 1886. (*Levy* v. *Newman,* 130 N. Y. 11.) Section 396 of the Code of Civil Procedure, extending the Statute of Limitations in certain cases where the persons affected are under certain disabilities, does not engraft any exception on chapter 572 of the Laws of 1886. (*People ex rel. McCabe* v. *Snedeker,* 106 App. Div. 89; *Titman* v. *Mayor, etc.,* 57 Hun, 469; *Barnes* v. *City of Brooklyn,* 22 App. Div. 520; *Crapo* v. *City of Syracuse,* 183 N. Y. 395; *Norton* v. *Mayor, etc.,* 16 Misc. Rep. 303; *Wetyen* v. *Fick,* 178 N. Y. 223.)

Willard Bartlett, J. This is an action against the city of New York to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant. It was admitted upon the trial that the accident in which the plaintiff was injured occurred on the 15th

day of June, 1897, and that this action was not commenced until the 21st day of January, 1902. It was also conceded that at the time of the accident the plaintiff was an infant under the age of fourteen years. Upon these facts counsel for the defendant moved to dismiss the complaint upon the ground that the action was barred by chapter 572 of the Laws of 1886. The learned trial court granted the motion and ordered plaintiff's exceptions to be heard in the first instance at the Appellate Division. There the exceptions were overruled and judgment was rendered in favor of the defendant. From that judgment the Appellate Division has permitted an appeal to this court.

The question presented for determination is whether this action is barred by chapter 572 of the Laws of 1886, which provides, in substance, that no action for negligence is maintainable against a municipality of this state having fifty thousand inhabitants or over " unless the same shall be commenced within one year after the cause of action therefor shall have accrued."

It is the contention of the appellant that this statute was not operative against the plaintiff during his infancy by reason of the exception contained in section 396 of the Code of Civil Procedure, the material part of which reads as follows: " If a person, entitled to maintain an action specified in this title, (which includes negligence actions; see § 383, sub. 5) * * * is, at the time when the cause of action accrues * * * within the age of twenty-one years, * * * the time of such a disability is not a part of the time limited in this title for commencing the action," etc.

Section 396 is found in chapter IV of the Code, which also contains in section 414 the following declaration : " The provisions of this chapter apply, and constitute the only rules of limitation applicable, to a civil action or special proceeding, except in one of the following cases :

1. A case " where a different limitation is specially prescribed by law, or a shorter limitation is prescribed by the written contract of the parties."

The respondent contends that this exception deprives the infant plaintiff of the benefit of the provisions of section 396, because the act of 1886 (Chap. 572) is a law which specially prescribes a different limitation in a case against a city having 50,000 inhabitants, where the action is brought to recover damages for personal injuries.

We think that this is too narrow a construction.    The effect of the one-year limitation prescribed by the act of 1886 was to amend by implication section 383 of the Code of Civil Procedure by reducing the period of limitation in actions for personal injuries due to negligence from three years to one, where the defendant was a municipality with a population of fifty thousand.    In this change we can find no evidence of a legislative intent to deprive an injured infant in such cases of the benefit of the general exception contained in section 396 which prevents the Statute of Limitations from running against a claimant while the disability of infancy exists.

" The tendency of the latest decisions of this court has been to extend to all claims the benefit of the exceptions given by the Code of Civil Procedure to the bar of the Statute of Limitations, except where there is an express statute or contract to the contrary." (*Conolly* v. *Hyams*, 176 N. Y. 403.) This statement in the opinion of Cullen, J., is sustained by the cases which he cites and it is not necessary to repeat the citations here.    The principle which is approved and applied therein demands that in the present case we hold that while chapter 572 of the Laws of 1886 created a special limitation in respect to negligence (personal injury) suits against a particular class of defendants, it left that special limitation, like the general limitations prescribed in chapter 4 of the Code of Civil Procedure, subject to suspension during the existence of any of the disabilities specified in section 396, one of which is infancy.

The learned counsel for the respondent contends that in construing the sections of the Code of Civil Procedure which constitute exceptions to the general Statute of Limitations, the courts have invariably held that they did not extend the

period of limitation prescribed by section 572 of the Laws of 1886. We are referred to four cases which are said to sustain this proposition, namely : *Titman* v. *Mayor, etc., of N. Y.* (57 Hun, 469 ; affirmed on opinion below, 125 N. Y. 729); *Barnes* v. *City of Brooklyn* (22 App. Div. 520); *Crapo* v. *City of Syracuse* (183 N. Y. 395), and *Norton* v. *Mayor, etc., of N. Y.* (16 Misc. Rep. 303). In the *Titman* case the only question considered was whether an action brought for wrongfully causing death by negligence was an action " for damages for personal injuries alleged to have been sustained by reason of the negligence " of a municipal corporation within the meaning of chapter 572 of the Laws of 1886 so as to be barred by the one-year Statute of Limitations. The applicability of the Code exceptions to the general Statute of Limitations was not considered or discussed therein. In the *Barnes* case it was merely held that a cause of action to recover damages for negligence resulting in the death of the plaintiff's intestate did not accrue until the appointment of an administrator. No such question was considered as that which is involved in the present appeal. The decision in the *Crapo* case was to the same effect. The *Norton* case was a Special Term decision wherein the learned judge who rendered it did express the opinion that the exceptions in section 396 of the Code of Civil Procedure had no application to the act of 1886. There is no discussion of the question, and it is only necessary to say in respect to that case that the view expressed is in conflict with the trend of decisions on the subject in this court, and that we cannot concur in it.

The judgment appealed from must be reversed, the plaintiff's exceptions sustained and a new trial granted, costs to abide the event.

Cullen, Ch. J., Vann, Werner and Chase, JJ., concur; Hiscock, J., dissents ; O'Brien, J., absent.

Judgment reversed, etc.