·' The motion to dismiss the petition, on the ground that one of the petitioners is by reason of infancy incapable of maintaining it, must be denied. The questions presented by the motion were laid by Surrogate Coffin in 1884 (Matter of. Watson, 2 Dem. 642), and his views there expressed have remained without dissent. Let order be settled providing for the filing and service of answer and setting the case for trial.

Decreed accordingly.

(62 Misc. Rep. 598.)

## In re CASHMAN.

(Surrogate's Court, Kings County.    March, 1909.)

LIMITATION OF ACTIONS (§ 72*) — INFANCY — CLAIM AGAINST ESTATE—SUSPENSION.

An infant exhibited to the administrator a claim against the estate, which was rejected. No written consent was filed for the determination of the claim by the surrogate, and no action commenced for its enforcement within six months after its rejection. *Held*, that the short statute of limitations was suspended during the infancy of the claimant.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 390–398; Dec. Dig. § 72.*]

In the matter of the judicial settlement of William Cashman, administrator. Claim against estate allowed.

Edmund Bittiner, for administrator. ·

Thomas H. Troy, special guardian, for Edward Jordan and George J. Jordan, infants.

Jose E. Pidgeon, special guardian, for Mollie Goldstein, infant.

KETCHAM, S. A person still an infant has exhibited to the administrator a claim against the estate of the decedent. The administrator has disputed and rejected the claim. No written consent has been filed with the surrogate for the determination of the claim, and the infant claimant has not commenced an action for the recovery thereof against the administrator within six months after the dispute or rejection. It is insisted on one side that the claim is barred by section 1822 of the Code, and, on the other, that the special limitation contained in that section is subject to the provision of the general statute of limitations (Code, § 396) that the period of infancy is not a part of the time limited for commencing the action.

The latter view must prevail, notwithstanding the mischiefs which may follow, and they are serious. The case seems to be controlled by McKnight v. City of New York, 186 N. Y. 35, 78 N. E. 576, in which, as to a short statute of limitations, bearing the same relation to the general statute as does section 1822 of the Code, it is held that the special limitation is left, like the general limitation prescribed in chapter 4 of the Code of Civil Procedure, subject to suspension during the existence of any of the disabilities specified in section 396, one of which is infancy.

There remain further grounds upon which the court is asked to make a decree of distribution, in disregard of this claim; but they all present matters of fact, which can only be disposed of upon a trial.

Decreed accordingly.